# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**POWKO INDUSTRIES, LLC**                                   **CIVIL ACTION**

**VERSUS**
                                                           **NO. 17-458-BAJ-RLB**
**DMI CONTRACTORS, INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 12, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

POWKO INDUSTRIES, LLC                                     CIVIL ACTION

VERSUS
                                                         NO. 17-458-BAJ-RLB
DMI CONTRACTORS, INC., ET AL.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 7) filed by Scott Folse, DMI

Contractors, Inc., and DMI Pipe Fabricators, L.L.C. (collectively, "DMI"). The motion is

opposed by Liberty Mutual Insurance Corporation ("LMIC"). (R. Doc. 17). LMIC also filed a

Supplemental Opposition to DMI's Motion to Remand (R. Doc. 26) and a Second Supplemental

Opposition to DMI's Motion to Remand (R. Doc. 34). Oral argument was held on November 6,

2017. (R. Doc. 32). LMIC filed a Post-Hearing Memorandum in Opposition to DMI's Motion to

Remand (R. Doc. 40) on November 14, 2017.

Also before the Court is a Motion to Dismiss filed by Powko Industries, LLC ("Powko").

(R. Doc. 44).

For the following reasons, the undersigned recommends the Motion to Remand (R. Doc.

7) be **DENIED** and that the Motion to Dismiss (R. Doc. 44) be **GRANTED**.

I.      **Background**

This action was initially filed in state court on March 21, 2014 (R. Doc. 1-2 at 17) by

Powko Industries, LLC ("Powko") against DMI Contractors, Inc. and DMI Pipe Fabrication,

L.L.C. ("DMI Pipe"), arising out of a purported joint venture between Powko and DMI Pipe (the

"State Court Action"). During the pendency of the State Court Action, Powko filed a separate

suit in federal court against DMI as well as a few additional defendants on June 16, 2015,

bringing RICO and Lanham Act allegations. *Powko Industries, L.L.C. v. Scott Folse, et al.*, Civil Action No. 3:15-cv-388-BAJ-SCR (M.D. La.) (the "Federal Court Action"). Powko and DMI apparently mediated the claims in both the State Court Action and Federal Court Action on October 23, 2015. (R. Doc. 17-1 at 5). While the parties disagree as to the date the settlement was actually finalized, it appears from the record that, on December 8, 2015, counsel for DMI provided counsel for Powko with executed originals of the settlement documents as well as a draft of a Motion for Dismissal of the State Court Action, and authorized the release of the cash portion of the settlement. (R. Doc. 17-1 at 12-13). In the same correspondence, counsel for DMI confirmed, apparently per the agreement with Powko, that he would not "file the dismissal in the matter pending in the 19th JDC until the Third Party Demand filed against Liberty Mutual has been served on Liberty Mutual." (R. Doc. 17-1 at 12). There is no evidence presented, however, that the dismissal was ever filed in the State Court Action.

Counsel for DMI advised the federal court of settlement by way of correspondence dated November 17, 2015. (R. Doc. 17-1 at 8). On December 15, 2015, a Thirty Day Order of Dismissal was docketed in the Federal Court Action. (R. Doc. 17-1 at 9). No further action was taken in the Federal Court Action until January 17, 2017, when Civil Action No. 17-19 was reassigned to Chief Judge Jackson on the grounds of presenting common questions of law and fact with the initial Federal Court Action.

On November 22, 2016, over a year after the mediation, DMI filed a Third Party Demand (R. Doc. 1-2 at 227-230) against LMIC in the State Court Action. LMIC removed that action to this court on January 11, 2017. (R. Doc. 1-2 at 240; Notice of Removal, *Powko Industries, L.L.C. v. DMI Contractors, Inc., et al.*, Civil Action No. 3:17-cv-19-BAJ-EWD, ECF No. 1). On May 26, 2017, that action was remanded back to state court because DMI had failed to request leave

of the state court to file its Third Party Demand as required by law. (Ruling and Order, *Powko Industries, L.L.C. v. DMI Contractors, Inc., et al.*, Civil Action No. 3:17-cv-19-BAJ-EWD, ECF No. 20, adopting Report and Recommendation, *Powko Industries, L.L.C. v. DMI Contractors, Inc., et al.*, Civil Action No. 3:17-cv-19-BAJ-EWD, ECF No. 19 (Mar. 22, 2017)). DMI then requested leave of state court to file the Third Party Demand, which was granted on May 31, 2017. (R. Doc. 1-2 at 264). LMIC again removed the State Court Action to federal court on July 17, 2017. (R. Doc. 1).

The same day that LMIC removed this action, on January 11, 2017, LMIC also filed a separate Complaint for Declaratory Judgment in *LM Insurance Corporation v. Scott Folse, et al.*, Civil Action No. 3:17-cv-20-BAJ-RLB (the "Declaratory Judgment Action"). The Declaratory Judgment Action remains pending in this Court.

On August 8, 2017, DMI filed the Motion to Remand.

## II.    Arguments of the Parties

LMIC removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. In support of its removal, LMIC alleges that it is a citizen of Illinois and Massachusetts (R. Doc. 1 at 10); Scott Folse is a citizen of Louisiana (R. Doc. 1 at 8); DMI Pipe is a citizen of Mississippi (R. Doc. 1 at 8) and/or Louisiana (R. Doc. 1 at 9); and DMI Contractors, Inc. is a citizen of Louisiana (R. Doc. 1 at 8). LMIC further alleges that the $75,000 amount in controversy is met because the settlement amount for which DMI is seeking indemnification from LMIC is allegedly $1.5 million. (R. Doc. 1 at 11). LMIC also asserts that its removal is proper as a "new suit" because all other claims had been effectively resolved by way of settlement more than a year prior to DMI's Third Party Demand. (R. Doc. 1 at 4-5). Further, LMIC suggests that its removal was timely because it was made within 30 days of its waiver of

service of the Third Party Demand, that the one-year limitation in 28 U.S.C. § 1446(c) does not

apply or, alternatively, should the one-year limitation apply, it should run from the Third Party

Demand or be equitably tolled based on the purported bad faith of DMI. (R. Doc. 1 at 6-7).

In support of remand, DMI argues that LMIC, as a third party defendant to the original

State Court Action, could not remove the action because 28 U.S.C. § 1446 only permits "a

defendant or defendants" to do so. (R. Doc. 7-1 at 2-3). DMI also asserts that the main demand

between Powko and DMI has not been dismissed, also preventing removal. (R. Doc. 7-1 at 6). In

addition, DMI suggests that the one-year period in 28 U.S.C. § 1446 has expired because it runs

from the March 21, 2014 commencement of the action between Powko and DMI. (R. Doc. 7-1 at

6). Lastly, DMI argues that the removal is defective because LMIC did not obtain the consent of

Powko. (R. Doc. 7-1 at 7).

In response to DMI's arguments, LMIC notes that no party disputes the existence of

complete diversity. (R. Doc. 17 at 1). LMIC argues that it is a "defendant" for purposes of 28

U.S.C. § 1446 because DMI's claim against it is effectively a new lawsuit, and the parties should

be aligned accordingly. (R. Doc. 17 at 4). In the alternative, LMIC asserts that a third party

defendant can remove a lawsuit based upon Fifth Circuit precedent, and that such a removal does

not, in this situation, threaten or defeat Powko's choice of forum because it no longer has an

interest. (R. Doc. 17 at 6). Lastly, LMIC also argues that Powko's consent was not necessary

because it was a plaintiff, not a defendant, and DMI's consent was not necessary because it

functions as a plaintiff in regards to the Third Party Demand. (R. Doc. 17 at 8).

DMI requests costs and attorney's fees in its Motion to Remand under 28 U.S.C. §

1447(c) on the grounds that this is LMIC's second attempt to remove. (R. Doc. 7-1 at 7). LMIC

responds that DMI is not entitled to attorney's fees or costs because it had objectively reasonable grounds upon which to seek removal to federal court. (R. Doc. 17 at 9).

After oral argument held on November 6, 2017, LMIC submitted a Post-Hearing Memorandum in Opposition to DMI's Motion to Remand. (R. Doc. 40). Therein, LMIC suggests the following three theories in which the Court could potentially deny remand: (1) disregard Powko as a nominal party; (2) drop Powko or sever and remand Powko's claims sua sponte; or (3) realign the parties with DMI as plaintiff and LMIC as defendant. (R. Doc. 40).

## III.    Law and Analysis

### A.    Remand

#### i.    Was LMIC capable of removing this action as a third party defendant?

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal

statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

There is no question here that complete diversity exists between DMI and LMIC and the amount in controversy exceeds $75,000. As it stands, DMI brought LMIC into an existing lawsuit by way of a Third Party Demand for indemnification of the settlement between DMI and Powko, as well as an alleged breach of LMIC's duty to defend DMI in the instant litigation. Indeed, DMI could have initiated its claims against LMIC by way of a separate lawsuit. In that scenario, there would be no question of LMIC's ability to remove on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Such is not the case, however, and the Court must address the issues of whether LMIC, as a third party defendant, had a right to remove the lawsuit, and if so, whether that removal was timely.

As stated above, the threshold issue is whether LMIC, a third party defendant, has the ability to remove the suit at all. Without an affirmative answer to that question, whether LMIC's removal was proper or timely makes no difference. DMI suggests that the presence of the terms "defendant or defendants" in 28 U.S.C. § 1446, coupled with certain jurisprudence following *Shamrock Oil Gas Corporation v. Sheets*, 313 U.S. 100 (1941), prohibits a third party from removing a lawsuit, and that certain jurisprudential exceptions do not apply. (R. Doc. 7-1 at 2-3). LMIC suggests that DMI's interpretation of the jurisprudence is inaccurate such that third party defendants can, in fact, remove a lawsuit in certain situations applicable herein. (R. Doc. 17 at 4-7).

The Court finds that a third party defendant is not subject to a blanket prohibition from removing a lawsuit, so long as that removal is timely and proper. In *Sun Industries, LLC v.*

6

*Phoenix Insurance Co.*, 2016 WL 6275188 (M.D. La. Sep. 15, 2016), *report and recommendation adopted*, 2016 WL 6398917 (Oct. 25, 2016), the court did not find that a third party defendant was decidedly unable to remove a lawsuit. Rather, the *Sun Industries* court specifically stated that "it is clear that removal by a third-party defendant *is allowed in this circuit* when all of the claims between the original plaintiff and the original defendants have been severed or settled and actually dismissed at the time of removal." 2016 WL 6275188 at *10 (emphasis added). The *Sun Industries* court held that particular third party defendant could not remove the suit because it had not "definitively establish[ed] that all of the claims by original plaintiffs… were resolved prior to removal." 2016 WL 6275188 at *10. Here, however, it is clear that all of the claims by Powko, the original plaintiff, against DMI, the original defendants, have been resolved by way of a settlement agreement, though not actually dismissed. DMI does not suggest that any of Powko's claims remain outstanding.

The Fifth Circuit recognized a third party defendant's right to remove in *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970). Finding removal by a third party proper where the main demand had been severed, the Fifth Circuit stated, "[w]here removal would not have the effect of defeating plaintiff's choice of forum, the federal courts should recognize that a party in Riegel's position is as much a 'defendant' as if an original action had been brought against him." *Riegel*, 426 F.2d at 938. Thus, there are clearly situations in which a third party defendant may remove a lawsuit to federal court.

The question then becomes, under the facts of this case, whether a third party defendant may remove a lawsuit where all of the primary claims have been settled, but the parties in the main demand have delayed over a year in the filing of a dismissal of the main demand for the sole purpose of preventing removal; in other words, whether *this* third party defendant can

remove *this* lawsuit. The law in this circuit is not settled, as courts have employed various rationales to come to different conclusions, and there is an absence of jurisprudence directly on point.

Some courts conclude that removal by a third party defendant is permitted where the main demand has either been severed or settled and actually dismissed, but do not reach the facts herein where the claim has been settled but not actually dismissed and there is evidence of an arbitrary withholding of the dismissal in the state court. In *Riegel*, 426 F.3d 935, the initial action was filed by Steed against Central, and Central filed a third party complaint for indemnity against Riegel, who then removed the action. After the initial removal was remanded on account of the district court finding the third party complaint was not a separate and independent claim for purposes of 28 U.S.C. § 1441(c), the third party complaint was severed for trial purposes, and Riegel removed again. *Riegel*, 426 F.2d at 937. On appeal of the district court's denial of Steed's motion to remand, the Fifth Circuit affirmed on the grounds that the third party complaint had been judicially severed. *Riegel*, 426 F.2d at 938.  The *Riegel* court also noted that its decision did not have the effect of defeating plaintiff's choice of forum. *Riegel*, 426 F.2d at 938.

The other oft-cited case is *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, 2002 WL 31001838 (E.D. La. Sept. 4, 2002), where the court denied remand after the main demand had been settled and dismissed. Johns, Pendleton sued Miranda initially, and Miranda filed a third party complaint against Cambridge alleging it was obligated to pay, along with other damages. *Johns, Pendleton*, 2002 WL 31001838 at *1.  Cambridge then paid the original claim between Johns, Pendleton and Miranda, which was then dismissed.  *Johns, Pendleton*, 2002 WL 31001838 at *1.  The main demand being dismissed, Cambridge then removed to federal court on the basis of diversity jurisdiction. Analogizing to the Fifth Circuit's decision in *Riegel*, the

*Johns, Pendleton* court denied remand on the basis that the "main demand was resolved separate and apart from the third-party complaint." *Johns, Pendleton*, 2002 WL 31001838 at *3.

Several decisions have relied on the *Riegel* severance and the *Johns, Pendleton* dismissal exceptions to go the other way, granting remand. In *F.L. Crane & Sons, Inc. v. IKBI, Inc.*, 630 F. Supp. 2d 718, 720–21 (S.D. Miss. 2009), the district court granted remand where the original plaintiff maintained an interest in the suit (and accordingly, in the choice of forum) because the settlement between the original plaintiff and defendant was conditioned upon the recovery by the defendant/third party plaintiff from the third party defendant. In *ConocoPhillips Co. v. Turner Indus. Grp., L.L.C.*, 2006 WL 213956, at *1–2 (S.D. Tex. Jan. 24, 2006), the plaintiff (Minnehan) sued ConocoPhillips and several other defendants in state court and, shortly before trial Minnehan settled with ConocoPhillips, who then filed a third party complaint for defense costs and indemnity against Turner. *ConocoPhillips*, 2006 WL 213956 at *1. Finding remand to be proper, the court looked only at the *Riegel* severance exception holding that the "claims against Turner have not been severed." *ConocoPhillips*, 2006 WL 213956 at *2.

The case of *Scheurich v. Agrico Chem. Co.*, 2008 WL 4298449, at *3 (M.D. La. Sept. 16, 2008), also follows the *Johns, Pendleton* rationale. There, the original plaintiff sued Agrico and 27 other defendants in state court. Agrico settled with the plaintiff, then filed a third party demand against Continental for insurance coverage of the settlement. In granting remand, the *Scheurich* court relied in part on the fact that "the settlement of the main demand was not completely finalized at the time of Continental's removal." *Scheurich*, 2008 WL 4298449 at *3. Important to note, however, is that the *Scheurich* court was not faced with an allegation that a settling party withheld dismissal in state court for the purposes of preventing removal. The third party defendant in *Scheurich* made no allegation or argument that Agrico, the third party

plaintiff, intentionally withheld dismissal of the original demand in order to evade federal jurisdiction.

On the other hand, several courts have denied remand where non-diverse parties have settled but not yet been formally dismissed, though generally outside of the context of third party demands. In *Erdey v. Am. Honda Co.*, 96 F.R.D. 593 (M.D. La.), *on reconsideration in part*, 558 F. Supp. 105 (M.D. La. 1983), for example, the plaintiff settled with multiple defendants in state court, leaving only American Honda, which removed the action after the state court granted judgment approving the settlement agreement. The plaintiff argued, in part, that the case had not become removable because the state court entered a money judgment, not a judgment of dismissal. *Erdey*, 96 F.R.D. at 595. In denying remand and finding the case removable, the *Erdey* court stated the following:

> So it is here, however plaintiff's settlement agreement—consent judgment is classified, plaintiff has extinguished his claim against the medical defendants. Settlement by plaintiff with all non-diverse defendants has been held to render the case removable. *Kilpatrick v. The Arrow Co.,* 425 F. Supp. 1378 (W.D. La.1977). Here plaintiff has voluntarily terminated the litigation against the medical defendants by entering the settlement agreement. Entry of the consent judgment adds nothing to the settlement as regards those defendants and entering the settlement agreement was an act which made the case removable under 28 U.S.C. § 1446(b), because those defendants have been removed from the action at the request of and with the consent of the plaintiff.

96. F.R.D. at 599.

In *Hargrove v. Bridgestone/Firestone North American Tire, LLC*, 2012 WL 692410, at *1 (W.D. La. Mar. 2, 2012), a diverse defendant removed a case to federal court on the belief, supported by affidavits, that the plaintiff had settled with the non-diverse defendants. After removal, the removing defendant received discovery responses that confirmed the plaintiff had settled with the non-diverse defendants almost four months prior to removal. Denying remand, the *Hargrove* court stated, "[u]pon plaintiff's voluntary action in terminating his claims against

the non-diverse defendants through compromise, those parties became nominal parties and presented no bar to this removal." *Hargrove*, 2012 WL 692410 at *3. When the plaintiff argued that the suit was not removable because the dismissal of the non-diverse defendants had not been filed in state court, the *Hargrove* court stated that "the fact that the judgment of dismissal had not been signed by the State court is of no consequence—what matters is that there was an 'expression of the intent by plaintiff which makes the case removable.'" 2012 WL 692410 at *4, citing *Erdey*, 96 F.R.D. at 599.

The case of *Landry v. Eagle, Inc.*, 2012 WL 2338736 (E.D. La. June 19, 2012), is also instructive. There, the court found that the diverse, removing defendant had failed to establish that the plaintiff had settled with the non-diverse defendant. In so finding, the *Landry* court noted that "[s]ettlement by a plaintiff with all nondiverse defendants has been held to render a case removable, provided the settlement is irrevocable, binding, and enforceable under state law." *Landry*, 2012 WL 2338736 at *3.

As it stands, the Fifth Circuit has recognized a single exception to the general principle regarding a third party defendant's ability to remove an action – the *Riegel* exception based on severance from the main demand. Following this, the only other exception that has been recognized is that in *Johns, Pendleton*, which is based on the main demand being not only settled, but actually dismissed. Courts have, however, denied remand where a plaintiff settles with non-diverse defendants on the theory that plaintiff's voluntary termination of its claims against a non-diverse defendant makes the remaining claims removable. The Court is therefore faced with the task of determining whether a main demand that has been settled, but not actually dismissed, is consistent with the two jurisprudential exceptions currently in place specific to the

11

third party demand context as well as an appropriate extension of the effect voluntary termination of litigation has on remaining claims and parties.

In so doing, the Court must consider the interests of all parties involved, including not only DMI and LMIC, but Powko as well.

For the reasons that follow, the undersigned recommends that Plaintiff's Motion to Remand (R. Doc. 7) be denied and this case remain in federal court. First, the Court finds that the rationale supporting jurisdiction in *Erdey* and *Hargrove* persuasive. Like the settling parties in those cases, the claims between Powko and DMI were voluntarily settled by both Powko and DMI. There is no evidence of any claims remaining between Powko and DMI. Further, DMI made it clear in its November 23, 2015 letter that it desired Powko to remain in the action solely to allow it the ability to effectuate its third party action against LMIC in state court. (R. Doc. 17-1 at 11).

Second, as a practical matter, this finding comports with judicial efficiency. Were the Court to remand the action, and DMI and Powko to proceed with filing and obtaining dismissal of Powko, there is no doubt the third party claim would be removable. *See Erdey*, 96 F.R.D. at 598 (citing *Kilpatrick v. The Arrow Co.*, 425 F. Supp. 1378 (W.D. La. 1977) ("Had plaintiff amended the petition so as to dismiss them or presented a motion to dismiss to the state court, the cause clearly would have then become removable.")). Granting remand in light of this would serve only to delay the inevitable removal, particularly in light of the Motion to Dismiss filed by Powko already in this action. (R. Doc. 44).[1]

Lastly, DMI's obvious intent to avoid federal jurisdiction is relevant to the analysis, and is one of the primary factors that distinguishes this case from *Riegel* and *Johns, Pendleton*.

---

[1] Regardless of how this matter ends up properly before this Court, it is noted that the parallel Declaratory Judgment Action, 17-cv-20-BAJ-RLB, remains pending in this Court.

LMIC has presented strong evidence that the sole purpose for Powko and DMI's failure to dismiss Powko after settlement was to ensure that DMI could file its third party claim against LMIC in state court. Even then, the dismissal remained unfiled by Powko. While federal courts are courts of limited jurisdiction, when that jurisdiction exists it cannot be denied by the dilatory tactics of another party. Just as there are limits to a party's ability to evade federal jurisdiction through artful pleading, or the improper joinder of a party, there are likewise limits to a party's ability to evade federal jurisdiction by way of its own procedural tactics. Though generally speaking, a removal before dismissal of non-diverse defendants is premature, in a normal circumstance the dismissal would be filed and the diverse defendant would then have the opportunity to properly remove. Here, however, it is clear that DMI directed that the filing of the dismissal be withheld in order to evade federal jurisdiction.[2] Accordingly, the prematurity concept has no place in the outcome of this motion at this time, given the strong evidence of DMI's bad faith withholding of dismissal in state court.

It is also clear that Powko does not believe it is actively involved in this litigation as its counsel informed counsel for LMIC on July 10, 2017 that "I no longer represent Jarret Pugh or Kyle Tonguis (because the matter was settled)." (R. Doc. 17-1 at 15). Lastly, counsel for DMI indicated to LMIC that it would "agree to the filing of appropriate pleadings that will establish the existence of SMJ if you desire to remove the state court claim to the Middle District" upon a stipulation that LMIC stipulate to the consolidation of the suits for trial. (R. Doc. 17-1 at 17).

---

[2] In a November 23, 2015 letter to counsel for Powko, counsel for DMI states, "I may want to keep the State court litigation open for purposes of filing a third party demand against Liberty Mutual Insurance Company for indemnification. Accordingly, I may request your cooperation that we leave the State court litigation open until such time as the third party demand has been filed and served." (R. Doc. 1-1 at 18). Counsel for Powko responds "Per our agreement, I will not file the dismissal in the matter pending in the 19th JDC until the Third Party Demand filed against Liberty Mutual has been served on Liberty Mutual." (R. Doc. 1-1 at 19). No dismissal was ever filed.

In addition to the facts and law discussed above, the enforceability of the settlement under Louisiana law is also relevant to the analysis, which addresses whether a settling party is "effectively dismissed" from litigation. Because Louisiana law requires only that a settlement be in writing, not actually filed, in order to be enforceable, and the evidence before the Court is that the settlement between Powko and DMI has been reduced to writing and executed, the Court finds that Powko has been effectively dismissed from the litigation. In the case of *Cella v. Allstate Prop. & Cas. Ins. Co.*, 2010 WL 4027712, at *2-3 (E.D. La. Oct. 13, 2010) (citing *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995)), the court addressed the propriety of removal after settlement with a non-diverse defendant, noting that "[a] case that is not originally removable under 'diversity jurisdiction because of the presence of a nondiverse defendant may be removed only after it is clear under applicable state law that the nondiverse defendant has been taken out of the case, leaving a controversy wholly between the plaintiff and the diverse defendant.'" The *Cella* court also relied on the principles that "[f]ederal courts must look to state law to determine whether the nondiverse defendant is no longer effectively a party to the case." *Cella*, 2010 WL 4027712 at *2 (citing *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000)).

"Under Louisiana law, for a compromise to be enforceable, it 'shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.'" *Cella*, 2010 WL 4027712 at *2 (citing La. C.C. art. 3072). Further, "there is an implied requirement for signatures of both parties." *Cella*, 2010 WL 4027712 at *3 (citing *Lavan v. Nowell*, 98-0284, p. 2 (La. 4/24/98), 708 So. 2d 1052 n.3). In *Cella*, the court remanded the action because the defendant had failed to meet its burden of a settlement agreement in accordance with Louisiana law. Here, however, no party disputes the

14

existence of a signed settlement agreement between Powko and DMI, and the correspondence in the record reflects that there is a signed settlement agreement as to the main demand. Accordingly, the opposite result—the denial of remand—is warranted here.

Though Texas law varies from that of Louisiana insofar as the requirements for a valid and enforceable settlement, in *Estate of Martineau* the Fifth Circuit found that the state court's failure to rule on the settlement did not create an impediment to removal because the requirements of Texas law had been met and the nondiverse defendant had been effectively eliminated. *Martineau*, 203 F.3d at 912.

For the foregoing reasons, the undersigned finds that the instant matter was removable by LMIC despite its status as a third party defendant. Moreover, since Powko has settled and is no longer a party to the case, its consent for removal is unnecessary pursuant to the nominal party exception. *Klotz v. La. Citizens Prop. Ins. Corp., et al.*, 2017 WL 5899248, at *6 (E.D. La. Nov. 30, 2017) (citing *Taco Tico of New Orleans v. Argonaut Great Central Ins. Co., et al.*, 2009 WL 2160436, at *2  (E.D. La. July 16, 2009)).

### ii.    Timeliness of LMIC's Removal

Having found that this case was removable, the Court must now assess whether LMIC's removal was timely. DMI argues that the removal is late because 28 U.S.C. 1446(c)(1) prohibits removal on the basis of diversity jurisdiction "more than 1 year after commencement of the action," which DMI contends was the filing of the main demand in state court on March 21, 2014. (R. Doc. 7-1 at 6).  DMI further argues that, should removal be based upon 28 U.S.C. §1446(b)(3), the case became removable upon receipt by LMIC of the Third Party Demand in December 2016, which triggered a 30-day removal period that LMIC failed to abide by. (R. Doc. 7-1 at 7).

There is no question that the main demand by Powko against DMI was not removable as DMI Contractors, Inc., one of the initial defendants, is a nondiverse party. (R. Doc. 1-2 at 17; R. Doc. 1-2 at 57). DMI is incorrect in its assertion that "receipt by LMIC of the service of the Third Party Demand in December of 2016 was its notice 'that the case is one which is or has become removable'" and was the event that triggered the 30-day period for purposes of 28 U.S.C. § 1446(b)(3). Indeed, LMIC attempted to remove the litigation within 30 days of service of the Third Party Demand, but the court sua sponte ordered briefing on subject matter jurisdiction. In opposition to federal jurisdiction, DMI argued that LMIC's removal was premature because leave of court was never granted allowing the filing of DMI's Third Party Demand. Memorandum in Opposition to Federal Subject Matter Jurisdiction, *Powko v. DMI Contractors, Inc., et al*, Case No. 17-cv-19-BAJ-EWD, ECF No. 17 at 4 (Mar. 14, 2017). The district court concluded that since no leave of court was obtained to file DMI's Third Party Demand in state court, LMIC was not a party to the suit in state court and, therefore, could not remove the suit to federal court. Report and Recommendation, *Powko v. DMI Contractors, Inc., et al.*, Case No. 17-cv-19-BAJ-EWD, ECF No. 19 at 7-9 (Mar. 22, 2017), *report and recommendation adopted*, Ruling and Order, EFC No. 20 (May 26, 2017).

Thereafter, DMI sought leave of state court to file the Third Party Demand, which was granted on May 31, 2017. (R. Doc. 16 at 4). Between the district court's sua sponte ruling regarding subject matter jurisdiction on March 22, 2017, and May 31, 2017, this case was not removable. Nor was it removable before the district court's ruling for the reasons stated therein. Accordingly, the first point at which this case became removable was on May 31, 2017. Since it is clear that the main demand was not removable, nor was the third party demand until DMI received leave of state court, 28 U.S.C. § 1446(b)(3) governs, which provides that "a notice of

removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In its Notice of Removal, LMIC asserts that it "agreed to waive service on June 30, 2017," presumably receiving a copy of the court's order and/or copy of the filed third party demand on that date.[3] (R. Doc. 1 at 1). Therefore, in the absence of evidence to the contrary, the 30 day removal period commenced on June 30, 2017. LMIC removed the action on July 17, 2017, well within 30 days of the June 30, 2017 waiver.

Having concluded that LMIC properly removed within the 30 days provided by 28 U.S.C. § 1446(b)(3), the Court must now address whether the removal is prohibited by the one year period set forth in 28 U.S.C. § 1446(c), which provides, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." If commencement for purposes of LMIC's removal is defined as the proper filing of DMI's Third Party Demand against it on May 31, 2017, then the bad faith exception is irrelevant to the analysis because LMIC's removal was filed on July 17, 2017, well within the one year period. If, on the other hand, commencement for purposes of LMIC's removal is defined as the filing of the original suit by Powko against DMI on March 21, 2014 (R. Doc. 1-2 at 17), then the Court must address the applicability of the bad faith exception as LMIC's removal would be outside of the one year period.

---

[3] No party makes any representation as to the day LMIC actually received the state court's order or the Third Party Demand.

The district judge's prior decision in *Gore v. Robertson*, 2015 WL 5749459 (M.D. La. Sept. 30, 2015), guides the recommendation herein.  There, the plaintiff's original suit was to recover for losses sustained in an automobile accident against the driver, the driver's employer, and the employer's insurance company under a negligence theory of recovery. *Gore*, 2015 WL 5749459 at *1. The state court granted plaintiff leave to file an amended petition against the vehicle manufacturer under a products liability theory, and a second amended petition against the original defendants' excess insurance carrier. *Gore*, 2015 WL 5749459 at *1. The plaintiff settled with the original defendants, who remained nominal parties to the action. *Gore*, 2015 WL 5749459 at *2. The excess carrier then answered the second amended petition and, more than a year after the filing of the original suit, filed a summary judgment motion, arguing improper joinder. *Gore*, 2015 WL 5749459 at *2. The vehicle manufacturer, GM, removed the action within 30 days of the excess insurer's summary judgment motion, and the plaintiffs sought remand on allegations of an untimely removal. *Gore*, 2015 WL 5749459 at *2.

The district court adopted the Magistrate Judge's recommendation on the grounds that the removal was filed within 30 days of "receiving information sufficient to allow GM to ascertain that FFIC was improperly joined and that the action was removal," but declined to adopt the Magistrate Judge's recommendation that GM's notice of removal was not timely filed because GM attempted to remove the action beyond the one-year period set forth in 28 U.S.C. § 1446(c). *Gore*, 2015 WL 5749459 at *2. In so finding, the district court relied on the Louisiana Supreme Court's distinction between an action or demand and a cause of action in *Hayes v. Muller*, 243 So.2d 830, 834 (La. Ct. App. 1971) (citing *Hope v. Madison*, 192 La. 593, 188 So. 711 (1939)). *Gore*, 2015 WL 5749459 at *2. The district court in *Gore* concluded that the plaintiff's claims against the original defendants for negligence, and their claims against GM for products liability,

amounted to different "theories of liability and the discovery necessary to pursue and defend against the two theories are drastically different." *Gore*, 2015 WL 5749459 at *5.

Consistent with the rationale in *Gore*, Powko's original claims against DMI and DMI's claims against LMIC are also rooted in two different theories of liability. The conclusion of the district judge in *Gore* supports a finding that the filing of DMI's Third Party Demand constitutes "commencement of the action" for purposes of the one year period found in 28 U.S.C. § 1446(c)(1). Powko's original claims against DMI arose out of a contractual joint venture arrangement allegedly breached by DMI, whereas DMI's claims against LMIC are for LMIC's alleged breach of the terms and conditions contained in an insurance policy issued by LMIC to DMI. The undersigned concludes that the Court has been presented with "two different demands in two different pleadings that can be construed as having two different commencement dates." *Gore*, 2015 WL 5749459 at *3.

Accordingly, LMIC's removal was timely, both in terms of the 30 day period provided by 28 U.S.C. § 1446(b)(3), and the one year limitation of 28 U.S.C. § 1446(c)(1).

**B.    Status of Powko, LLC**

Although Powko's claims had been settled, Powko was not formally dismissed in the state court action. For the reasons set forth above, Powko's status as the plaintiff and a non-diverse party is not fatal to this Court's exercise of jurisdiction. In its Post-Hearing Memorandum in Opposition, LMIC argues that as a nominal party with no actual claims in this litigation, Powko can be ignored. (R. Doc. 40 at 2). As an alternative, LMIC argues that Powko can either be dropped as a party or severed from this action, or the parties can be realigned in a manner reflective of the current status of this litigation.

The Court agrees that Powko is a nominal party in this removed matter and, as set forth above, its citizenship can be ignored. Following all of the briefing in this matter, and consistent with the fact that it has reached a settlement of its claims, Powko made a limited appearance by filing a Motion to Dismiss its demands against DMI. Although perhaps not technically required, the undersigned recommends that Powko's Motion to Dismiss (R. Doc. 44) be granted and that it be formally terminated as a party.

### C.    Attorney's Fees

DMI requests the payment of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award is within the discretion of the district court and is to be guided by the standard that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 711. To that end, given the Court's conclusion that LMIC's removal was both proper and timely, and the recommendation that DMI's Motion to Remand (R. Doc. 7) be denied, the award of attorneys' fees is not appropriate. In the alternative, the undersigned also finds that there was an objectively reasonable basis for removal. Accordingly, DMI's request for attorney's fees and costs should be denied.

### D.    Consolidation

Also pending before the Court is a related declaratory action, *LM Insurance Corporation v. Folse, et al.*, Civil Action No. 3:17-cv-00020-BAJ-RLB. LMIC notes that it filed the declaratory action on the same day as it filed its original Motion to Remand in this litigation, stating that it "arises from the same settlement and involves the same claims for coverage as this matter." (R. Doc. 17 at 1). Additionally, counsel for DMI has requested LMIC to stipulate "to the consolidation of the lawsuits for one trial, indicating that DMI has no objection to consolidation of these two suits. (R. Doc. 17-1 at 17). Federal Rule of Civil Procedure 42(a) provides the following:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1)    join for hearing or trial any or all matters at issue in the actions;
>
> (2)    consolidate the actions; or
>
> (3)    issue any other orders to avoid unnecessary cost or delay.

In finding that the "district court erred in dismissing" a suit "on the ground that his earlier suit arose from the same set of facts," the Fifth Circuit noted that "'[t]he proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure.'" *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citing *Thomas v. Deason*, 317 F. Supp. 1098, 1099 (W.D. Ky. 1970), 2B Barron & Holtzoff (Wright ed.) §§ 941, 942, and Fed. R. Civ. P. 42(a)).

The Court finds that sua sponte consolidation of these two matters is appropriate in this instance. LMIC characterizes its declaratory action as "aris[ing] from the same settlement and involves the same claims for coverage as this matter." (R. Doc. 17 at 1). A review of the

pleadings in both suits confirms this notion such that the Court finds consolidation would expedite trial and eliminate unnecessary repetition and confusion without depriving any part of any substantial rights had the actions proceeded separately.

> **E.    Scheduling Order**

In light of the above recommendation regarding denial of DMI's Motion to Remand (R. Doc. 7) and consolidation of this suit with *LM Insurance Corporation v. Folse, et al.*, Civil Action No. 3:17-cv-00020-BAJ-RLB, this Court further recommends that, upon consolidation, a revised Scheduling Order should be entered governing these consolidated matters.

## IV.    Conclusion

Accordingly,

**IT IS THE RECOMMENDATION** of the magistrate judge that DMI's Motion to Remand (R. Doc. 7) be **DENIED**, with each party to bear its own costs.

Further, **IT IS THE RECOMMENDATION** of the magistrate judge that Powko's Motion to Dismiss (R. Doc. 44) be **GRANTED**.

Further, **IT IS THE RECOMMENDATION** of the magistrate judge that this matter be consolidated with *LM Insurance Corporation v. Folse, et al.*, Civil Action No. 3:17-cv-00020-BAJ-RLB, for all purposes pursuant to Rule 42 of the Federal Rules of Civil Procedure, as well as for the magistrate judge to enter a new scheduling order.

Signed in Baton Rouge, Louisiana, on January 12, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**